**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Dennis J Sprenger, et al.,<br><br>　　　　　Defendants. | No. CV-20-00026-PHX-MTL<br><br>**ORDER** |

**I.**

Defendant Dennis J. Sprenger chose not to pay his federal income taxes for tax years 2001, 2002, 2003, 2004, and 2005. His 1998 tax return was filed late.

The Internal Revenue Service ("IRS") imposed tax liability assessments against Mr. Sprenger in February 2005. He chose to do nothing in response, despite having the opportunity to challenge the assessments in a hearing or in the United States Tax Court.

In 2015, the United States filed suit seeking a judgment for these unpaid taxes. Mr. Sprenger was personally served with the lawsuit; however, he chose not to appear and defend himself. On July 2, 2015, the United States obtained a money judgment against him for $668,988.09 plus statutory interest.

The United States initiated this suit to execute its judgment against Mr. Sprenger's personal residence. Mr. Sprenger was personally served but, again, decided not to appear. The United States obtained a default judgment against him that authorized it to pursue foreclosure.

Although this suit was filed in January 2020, the United States has obtained many extensions to the foreclosure relief to accommodate Mr. Sprenger due to the Covid-19 pandemic. Additionally, the United States reports that,

> To prevent an immediate forced sale, the United States sent correspondence to Mr. Sprenger to discuss alternatives. Mr. Sprenger again failed to respond. It was not until a Receiver was appointed and a move-out date was ordered that Mr. Sprenger contacted the United States to request more time to organize his affairs and propose an alternative to the forced sale of the Subject Property. The United States permitted the extension to work out a payment arrangement.

(Doc. 43 at 3-4)

While the parties attempted to work out a payment plan, Mr. Sprenger filed for Chapter 7 bankruptcy protection. That move temporarily stayed the foreclosure. But, in his bankruptcy petition, Mr. Sprenger did not disclose the tax judgment against him. After that was discovered by his creditors, the stay on the foreclosure was lifted.

Mr. Sprenger now moves to set aside the default judgment against him in this case, pursuant to Rules 55(c) and 60(b), Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**II.**

Rule 55(c), Fed. R. Civ. P., authorizes the district court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." "The 'good cause' standard for vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

Under Rule 60(b), Fed. R. Civ. P., "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [certain enumerated] reasons." "While the law favors deciding disputes on the merits, the district court's decision . . . to deny [a] motion to set aside the entry of default and default judgment [is] squarely within its discretion." *Franchise Holding II, LLC*, 375 F.3d at 924.

- 2 -

# III.

## A.

Mr. Sprenger's motion does not identify any of the Rule 60(b) enumerated reasons that could justify relief from the default judgment. Instead, he argues that the default judgment should be set aside because he is an unsophisticated elderly man and the tax liability imposed in 2015 judgment does not but should reflect deductions that he could have claimed had he filed tax returns. (Doc. 40 at 4-5)

In its response brief, the United States contends that, based on Mr. Sprenger's Motion, the only possible reasons for setting aside the default judgment could be that it "is no longer equitable" or for the catchall reason, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6).[*] Even so, the United States argues, Mr. Sprenger has not satisfied his burden to show that the default judgment should be set aside. *See Franchise Holding II, LLC*, 375 F.3d at 926.

The Court agrees with the United States that Mr. Sprenger has not articulated a valid reason for setting aside the default judgment under Rule 60(b). For several years, Mr. Sprenger avoided paying the federal income taxes that he owed. The bankruptcy meeting of creditors transcript attached with the United States' brief includes testimony from the bankruptcy proceeding where Mr. Sprenger admitted that avoiding sufficient tax withholdings was his conscious choice, based on "multiple excuses and bad decisions." (Doc. 43-1 at 5-6)

IRS personnel offered opportunities for him to come current with his tax liability. Instead of engaging with government representatives, he avoided them altogether. He could have worked with the IRS to include valid deductions, offsetting the IRS's calculated tax liability. He did not, leaving the IRS to calculate his tax liability according to the law and with the information available to it. The statute provides:

> If any person fails to make any return required by any internal

---

[*] The other reasons enumerated include mistake or excusable neglect, newly discovered evidence that could not have been identified even with reasonable diligence, fraud, and that the judgment is void or satisfied or otherwise discharged. Fed. R. Civ. P. 60(b)(1)-(5).

> revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, ***the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise***.

26 U.S.C. § 6020(b)(1) (emphasis added); *see also Harris v. Comm'r of Internal Revenue*, 174 F.2d 70, 73 (4th Cir. 1949) ("Most important, of course, is the failure or refusal of the taxpayer to produce any records or to render such assistance to the court, although represented by able counsel, as would enable it to make its findings with accuracy and precision. Under such circumstances, approximation in the calculation of net income is justified.").

By choosing to ignore the IRS, Mr. Sprenger also chose to forego the available due process review and other proceedings in the Tax Court. That he is now, decades later, of advanced age is no consequence. Any claimed fear and anxiety that he may have is no different from that of any other person who decides not to pay their taxes and then gets caught. Indeed, as the United States persuasively argues, Mr. Sprenger has produced no such evidence of any genuine fear or anxiety. The evidence shows otherwise. For example, in his bankruptcy proceeding, Mr. Sprenger testified that he avoided appearing in the cases against him because it got "to the point where it becomes, where the, the figures become overwhelming, and just out of stupidity [I] didn't react to it, and that's why I've hired, you know, counsel now to try to rectify the situation and get square with everybody." (Doc. 43-1 at 8)

On this record and under all the circumstances, the Court finds that the default judgment remains equitable and that no other valid reasons exist to justify setting it aside.

**B.**

The good cause standard of Rule 55(c) requires that the Court examine (1) whether Mr. Sprenger "engaged in culpable conduct that led to the default," (2) whether he can present "a meritorious defense," or (3) "whether reopening the default judgment would prejudice" the United States. *Franchise Holding II, LLC*, 375 F.3d at 926. The Court finds

Mr. Sprenger unable to satisfy any of these factors.

Mr. Sprenger clearly engaged in culpable conduct. He received actual notice of this lawsuit by personal service. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). The record shows that he "was personally served at his home with copies of the United States' Complaints. Mr. Sprenger also received copies of the United States' motions for default judgment as well as correspondence requesting a conference to discuss alternatives to a forced sale." (Doc. 43 at 9 (record citations omitted)). But Mr. Sprenger chose not to appear.

Next, Mr. Sprenger cannot present a meritorious defense. Federal law anticipates circumstances where taxpayers fail to pay their taxes when due and file annual returns. As previously discussed, the law authorizes the IRS to file tax returns for a taxpayer when he does not do so himself. 26 U.S.C. § 6020(b)(1). Any such return "shall be prima facie good and sufficient for all legal purposes." *Id.* § 6020(b)(2). It is the taxpayer's burden to lawfully itemize a deduction on his return. 26 U.S.C. § 63(e)(1)-(2). The taxpayer's failure to file a tax return forfeits his opportunity to itemize deductions. *Jahn v. Comm'r of Internal Revenue*, 392 Fed. Appx. 949, 950 (3rd Cir. 2010).

Finally, the Court finds that reopening the default judgment would prejudice the United States. Mr. Sprenger has presented no good reason to revisit the default judgment. It is because of his conscious choice to avoid accountability that brings us to this point. Granting his motion would seriously undermine the United States' ability to collect overdue taxes from a recalcitrant taxpayer. In this case, taxes that are long overdue. The Court finds that the United States' other arguments on this factor to be well taken. Those include the hardship on the government to propound discovery on financial institutions for tax years that have long since passed. Evidence may be lost or destroyed under institutions' document retention policies.

….

….

….

**IV.**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Set Aside Default Judgment (Doc. 40) is **denied**.

**IT IS FURTHER ORDERED** that the United States shall file a status report no later than Wednesday, December 20, 2023.

Dated this 12th day of December, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge